1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DALE HUHMANN, | Case No. 13-cv-00787-BAS(NLS) |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |
| v. | (ECF No. 58) |
| FEDEX CORPORATION, *ET AL.*, | |
| Defendants. | |

   Defendant Federal Express Corporation ("Defendant") brings a Motion for Reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure, claiming this Court committed clear error when it issued its Findings of Fact and Conclusions of Law at the conclusion of a bench trial in this case.

   The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1).  For the reasons set forth below, the Court **DENIES** Defendant's Motion for Reconsideration (ECF No. 58).

///

## I. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 59(e)[1] provides that, after entry of judgment, a court may alter or amend the judgment. Fed. R. Civ. P. 59(e). A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice. *See Sch. Dist. No. 1J, Multnomah Cnty., Or., v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Additionally, "[t]here is no requirement that reasons be stated for the denial of a motion for reconsideration under Rule 59(e)." *Briddle v. Scott*, 63 F.3d 364, 381 (5th Cir. 1995).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted); *see also Global View Ltd. Venture Capital v. Great Cent. Basin Exploration, LLC*, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—

---

[1] Under Rule 59(e) of the Federal Rules of Civil Procedure, a motion to alter or amend a judgment must be brought no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). A motion for reconsideration brought within this time period is construed as a Rule 59(e) motion regardless of the label put on it by the moving party. *Am. Ironworks and Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). A motion for reconsideration brought after the expiration of 28 days is construed as a motion under Rule 60(b) of the Federal Rules of Civil Procedure. *Id.* In this case, judgment was entered on April 9, 2015. (ECF Nos. 55, 56.) Defendant filed this Motion for Reconsideration on May 7, 2015. (ECF No. 58.) Since the motion was filed 28 days after entry of judgment, it is properly analyzed under Rule 59(e), despite the fact Defendant couches it as a Rule 60(b) motion.

matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

      A Rule 59(e) motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Kona Enters., Inc.*, 229 F.3d at 890; *see also In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996) (a "Rule 59(e) motion cannot be used to present evidence that *could and should* have been presented prior to the entry of final judgment"); *Pound v. Airosol Co., Inc.*, 368 F. Supp. 2d 1158, 1159 (D. Kansas 2004) ("a party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been set forth in the first instance or to rehash arguments previously considered and rejected by the court"). "[A]fter thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) (Lorenz, J.).

      Further, a Rule 59(e) motion does not give parties a "second bite at the apple." *See Weeks v. Bayer*, 246 F.3d 1231, 1236-37 (9th Cir. 2001); *see also Keweenaw Bay Indian Cmty. v. State of Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992) ("[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal."); *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992), aff'd 37 F.3d 1485 (3d Cir. 1994) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.").

## II. DISCUSSION

      In its Motion for Reconsideration, Defendant simply argues the Court was wrong in its legal analysis. (ECF No. 58.) In its moving papers, Defendant recognizes that "[a] party seeking reconsideration must show more than a disagreement with the

Court's decision" and "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *See Bermingham*, 820 F. Supp. at 856; *see also Weeks*, 246 F.3d at 1236-37. However, Defendant's moving papers express nothing more than exactly that—a disagreement with the Court's decision and recapitulation of the arguments the Court already considered. A motion for reconsideration is not an appropriate vehicle to gain a second bite at the apple. *See Ausmus*, 2009 WL 2058549, at *2; *Weeks*, 246 F.3d at 1236-37. If counsel disagrees with the Court's ruling, the proper vehicle for relief is appeal. *See Keweenaw Bay Indian Cmty.*, 152 F.R.D. at 563.

Although the Motion for Reconsideration is construed as a motion under Rule 59(e), Defendant similarly fails to provide any grounds for reconsideration under Rule 60(b). Under Rule 60(b), a motion for reconsideration of a final judgment is proper for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud…, misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

(5)  the judgment has been satisfied…; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) is also an extraordinary remedy designed to address mistakes attributable to special circumstances, and not merely to erroneous applications of law. *See Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1044 (9th Cir.1994) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)); *see also Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (Rule 60(b) "was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law"). Nonetheless,

Defendant raises no issues of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, voidness, satisfaction or reversal. As discussed above, Defendant simply raises a disagreement with the Court's decision. Since Defendant has failed to provide any authority or reason for granting the motion, Defendant's Motion for Reconsideration is **DENIED** in its entirety.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's Motion for Reconsideration (ECF No. 58).

**IT IS SO ORDERED.**

**DATED:** October 16, 2015

Hon. Cynthia Bashant
United States District Judge